IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA G. BOMBARD,

      Plaintiff,

v.                                                                  Case No. 3:25-CV-01717-NJR

WILLIAM J. THURSTON, and
RICHARD K. KRUGER,

      Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Joshua G. Bombard seeks to stop his eviction from an apartment in Metropolis, Illinois. He filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights by Defendants Judge William J. Thurston of the First Judicial Circuit Court in Marion, Illinois, and Attorney Richard K. Kruger. (Doc. 3). Bombard seeks an order enjoining "all actions to enforce" an eviction order issued by Judge Thurston, a declaration that the eviction proceedings in state court are a "legal nullity," and compensatory and punitive damages. (*Id.*). Bombard also filed a motion for leave to proceed *in forma pauperis* (Doc. 6), a motion for a temporary restraining order (Doc. 8), a motion to take judicial notice of state court proceedings (Doc. 9), an emergency motion for *ex parte* temporary restraining order (Doc. 11), and a motion for leave to file an amended complaint (Doc. 12). After careful review of Bombard's submissions, it is apparent that the Court lacks jurisdiction over this action under the *Rooker-Feldman* doctrine.

BACKGROUND

Bombard lives in an apartment in Metropolis, Illinois, that is the subject of an eviction action in state court. On January 16, 2025, Attorney Kruger, in his capacity as counsel for Debra Riddle, served an eviction summons on Bombard. (Doc. 3 ¶ 2). In Bombard's view, the summons was "void and could not give the court personal jurisdiction over [him]." (*Id*.). The following day, Attorney Kruger filed an eviction complaint in state court under an "incorrect and inapplicable statute," which, according to Bombard, deprived the court of subject matter jurisdiction. (*Id.* ¶ 3).

Once the eviction action was underway, Bombard filed "numerous motions" asserting jurisdictional defects in the proceedings. (*Id.* ¶ 4). Judge Thurston allegedly "refused to hear or rule on" Bombard's motions and, instead, ordered them stricken. (*Id.* ¶¶ 5, 6). Judge Thurston's orders allegedly deprived Bombard of the right to defend himself in the eviction action. (*Id.* ¶ 6).

On August 14, 2025, Judge Thurston issued a writ of possession for Bombard's apartment and scheduled his eviction. (*Id.* ¶ 7). The record also reveals an "Order Granting Possession" dated August 27, 2025, in which Judge Thurston awarded Ms. Riddle "possession of the premises," and ordered Bombard to move out by September 10, 2025.[1] (Doc. 4-1). The August 27 order states that Bombard owed monthly "rent" payments of $1,000 per month, that he had been living in the apartment for almost four years, and that he has "no right, title, or interest" in the apartment. (*Id*.).

---

[1] It is unclear whether the allegation concerning the August 14 writ of possession, in fact, refers to the August 27 "Order Granting Possession." (Doc. 4-1).

The following day, Bombard filed a motion to "vacate void judgment and for substitution of judge." (*Id*.). This motion alleged that Attorney Kruger initiated the eviction action under an Illinois statute that is "wholly inapplicable" to the dispute between Bombard and Ms. Riddle. (*Id*.). The motion also references a prior motion Bombard filed for recusal and substitution of the assigned judge, which, he claimed, rendered the eviction order "void" and left Judge Thurston only with the responsibility to "assign[]" the case "to an impartial judge from outside the First District." (*Id*.).

On September 4, 2025, Bombard filed a complaint in this federal district court. (Doc. 3). He alleges that Judge Thurston and Attorney Kruger "conspired together and acted in concert under color of state law to deprive [him] of [his] property and [his] rights to procedural due process" under the Constitution. (Doc. 3 ¶ 9). Based on these allegations, Bombard seeks an order from this Court directing Defendants to "[c]ease all actions to enforce the void judgment of [w]rit of [p]ossession" in the eviction action, a declaration that "[t]he state court proceedings in *Riddle v. Bombard*, Case No. 1014EV47 [the eviction action], were void *ab initio* for lack of both personal and subject matter jurisdiction, and [that] the resulting judgment is a legal nullity," and compensatory and punitive damages. (*Id*. § V).

On September 5, 2025, Bombard filed a motion for a temporary restraining order, seeking an "immediate order enjoining Defendants . . . from executing or enforcing the writ of possession issued in [the eviction action]." (Doc. 8, p. 1). The memorandum of law in support of the motion for a temporary restraining order, curiously filed a day before the motion itself, impugned the eviction proceedings as a "flawed, orchestrated event

aimed at a predetermined outcome." (Doc. 5, p. 2). Thus, "immediate intervention by this Court is necessary to prevent an unconstitutional seizure of property." (*Id.*). Bombard's objective was clear: "to halt the impending eviction." (*Id.* p. 3).

Today, Bombard filed a motion for leave to amend his complaint and submitted the proposed amended complaint as an exhibit. (Docs. 12, 12-3). In his amended complaint, Bombard accuses Defendants of "engag[ing] in a conspiracy . . . to unlawfully deprive [him] of his property and his right of access to the courts." (Doc. 12-3 ¶ 2). Although the amended complaint explains the procedural posture of the eviction action in more depth, it otherwise continues to press Bombard's theory that he was the victim of a corrupt plot involving an adverse attorney and a judge who acted to evict him from his home.

## DISCUSSION

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Ill. v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). This principle applies with equal force when the plaintiff seeks injunctive relief because if the plaintiff's complaint fails to properly invoke federal subject matter jurisdiction, "[t]he court may not in that circumstance grant injunctive relief to maintain the status quo." *United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1213 (7th Cir. 1996). So, while Bombard advances a litany of allegations against Defendants with the primary goal of stopping his eviction, the Court must examine its own jurisdiction first.

Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review

state-court decisions, including those concerning eviction determinations. *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 396 (7th Cir. 2023); *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 294 (7th Cir. 2007). *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Hadzi-Tanovic*, 62 F.4th at 396 (internal quotation marks omitted). While "the natural temptation for losing parties to keep fighting and to look for new forums" is understandable, "it is well established that federal district and circuit courts do not have jurisdiction to review such state court decisions." *Id.*

The doctrine applies to "federal claims that 'directly' challenge a state court judgment or are 'inextricably intertwined with one.'" *Id.* (quoting *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021)). To determine whether a plaintiff's federal claims are "inextricably intertwined" with the state court judgment, "[t]he vital question . . . is whether the federal plaintiff seeks the alteration of a state court's judgment." *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018).

Here, there is no way to construe Bombard's claims and his request for injunctive relief as anything other than a request to alter (if not outright reverse) the state court's eviction judgment. He seeks an "immediate order enjoining Defendants . . . from executing or enforcing the writ of possession issued in [the eviction action];" an order declaring the state eviction proceeding a "legal nullity;" and asks the Court "to halt the impending eviction." Bombard's objective could not be clearer. He wants this Court to step in and stop an eviction that was authorized in state court. This is, by definition, a

request to alter the state court's judgment. *See e.g.*, *Page v. Fifth Third Bank, NA*, No. 1:25-CV-405, 2025 WL 2141519, at *4 (N.D. Ill. July 28, 2025) (denying plaintiffs' request to enjoin foreclosure action under *Rooker-Feldman* because it is "the definition of seeking to alter a state court judgment.).

Nor does it matter that Bombard, in his amended complaint, accuses Defendants of a conspiracy to violate his civil rights. Although the Seventh Circuit may have left open the possibility of a "corruption exception" to the *Rooker-Feldman* doctrine until somewhat recently, that jurisdictional gateway was closed in *Hadzi-Tanovic*. There, the court held that allowing a Bombard to avoid *Rooker-Feldman* by alleging corruption or bias on the part of a state court judge would open a "sizable loophole" in the doctrine. *Hadzi-Tanovic*, 62 F.4th at 404. This approach, moreover, would "invite[] the district court to ferret out the judge's supposed bias by examining the state court proceedings," something that *Rooker-Feldman* emphatically prohibits. *Id.* at 404-05. Thus, to the extent that Bombard relies on an outdated "corruption exception," to maneuver around the *Rooker-Feldman* doctrine, that argument is without merit.

Finally, Bombard's allegation that his federal constitutional rights were violated by the eviction order does not change the jurisdictional analysis. "A plaintiff may not circumvent the effect of the *Rooker–Feldman* doctrine simply by casting his complaint in the form of a federal civil rights action." *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999). To allow Bombard to do so would likewise render *Rooker-Feldman* virtually meaningless because a deprivation of property due to a state court judgment can, at least in theory, easily be framed as a constitutional injury. That is why "[t]he reason a litigant

gives for contesting the state court's decision cannot endow a federal district court with authority." *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015). Simply put, Bombard has suffered an injury from the state court's eviction order. It is that injury, which he seeks to remedy in federal court. *Rooker-Feldman* presents an impenetrable barrier to that endeavor.

## CONCLUSION

For these reasons, the Court concludes that it does not have subject matter jurisdiction to hear Bombard's case.

The Court ordinarily offers pro se plaintiffs leave to amend their complaint at least once. But here, the Court is satisfied that no set of facts would permit it to grant the Bombard the relief he seeks—reversal or alteration of the state court's eviction judgment. Bombard's complaint is thus **DISMISSED with prejudice**.

Bombard's remaining motions for leave to proceed *in forma pauperis* (Doc. 6), for a temporary restraining order (Doc. 8), to take judicial notice of state court proceedings (Doc. 9), his emergency motion for *ex parte* temporary restraining order (Doc. 11), and for leave to file an amended complaint (Doc. 12) are **DENIED as moot.**

I**T IS SO ORDERED.**

**DATED:  September 9, 2025**


_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**